## HARRIS v. PATTEN et ux.

The fact that the subscribing witnesses to an act *sous seing privé* reside out of the State, will not dispense with the necessity of proving the signature, or ordinary mark, of the party. Proof of the signature of the subscribing witnesses is not enough. C. C. 2241.

APPEAL from the District Court of Carroll, *Curry*, J.

*Selby*, for the appellant, cited Greenleaf on Evidence, p. 611, ss. 574, 755. *McPherson* v. *Rathbone*, 11 Wendell, 98, and same volume. p. 123. *Jackson* v. *Waldon*, 13 Wendell, 196. Chitty on Bills, 379, 380. In the case of *Dismukes* v. *Musgrove*, 7 Mart. N. S. 58, there was no proof of any inability to prove the signature of the obligor, and that was a written signature; here the party only made his mark.

*Stacy* and *Sparrow*, for the defendants.

The judgment of the court was pronounced by

Rost, J. There was a judgment of non-suit in this case, because the plaintiff, claiming under a private act alleged to have been signed with an ordinary mark in presence of two witnesses, who are living and reside out of the State, failed to make proof of the signature of the party, and only proved the signature of the subscribing witnesses.

We adhere to the rule laid down in *Dismukes and others* v. *Musgrove*, 7 Mart. N. S. 58, and since recognized in *Tagiasco et al.* v. *Molinari's Heirs*, 9 La. p. 520. When a signature is disavowed art. 2241 of the Civil Code requires it to be proved by *witnesses*, or *comparison of hand writing*. Proving the signature of the subscribing witnesses, satisfies neither of these requisitions.

The witnesses in this case reside in North Carolina, and appear to be well known to the plaintiff. It was easy for him, under our rules of practice, to annex the document he wished to prove to a commission, and to procure their evidence of its execution. The nature of the proof resorted to by the plaintiff is so uncertain and dangerous, that courts of justice ought not to notice it, whenever it is shown that better evidence exists. *Judgment affirmed.*